UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY KOHL,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON f/k/a The Bank of New York et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 15-CV-849-CAB-DHB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

Plaintiff, a nonprisoner proceeding *pro se*, filed a complaint and motion for a temporary restraining order asserting various claims in an effort to prevent a residential foreclosure. Plaintiff also submitted a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the motion to proceed IFP is denied.

**I.    Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 plus a $50 administrative fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a plaintiff's failure to prepay the entire fee only if

the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff's declaration fails to show that she is unable to pay the fees or post securities required to maintain this action.  Plaintiff states that she is a realtor with an income of $1,900 per month in addition to commissions from home sales, which in the past year totaled $9,000.  In other words, Plaintiff's monthly income plus commissions totaled $31,800 for the past year.  Plaintiff has complete ownership of a 2002 Chevrolet Tahoe, has only one dependent, and lists monthly expenses totaling only $1,705 (which amount includes $80 for cable, $375 for gas, and $600 for water and electric utilities, as well as $565 for "MLS" and "Sandicor" fees that appear to be business expenses).

Although the federal poverty guidelines are not the sole basis for determining *in forma pauperis* status, the 2015 federal poverty guidelines issued by the United States Department of Health & Human Services set the poverty threshold for a two person household's annual income at $15,930 in the 48 contiguous states and the District of Columbia.  *See* Annual Update of the HHS Poverty Guidelines, 80 Fed. Reg. 3236-37 (Jan. 22, 2015).  The Court further notes that the Legal Services Corporation provides civil legal aid for low-income Americans, and its maximum income level for a two person household eligible for legal assistance is $19,913 (125% of the Federal Poverty Guidelines).  *See* Income

Level for Individuals Eligible for Assistance, 80 Fed. Reg. 5485-86 (Feb. 2, 2015). Plaintiff's annual income far exceeds these poverty guidelines. Moreover, in light the fact that Plaintiff's monthly income far exceeds her monthly living expenses, the Court finds that payment of the filing fee in this case would not prevent Plaintiff from being "able to provide [her]self and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II. Conclusion and Order

In light of the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **DENIED**. [Doc. No. 2.] If Plaintiff wishes to proceed with her claims, she must refile her lawsuit along with the required filing fees. This Case is **CLOSED**.

It is **SO ORDERED**.

Dated: April 17, 2015

_____
Hon. Cathy Ann Bencivengo
United States District Judge